IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERMA MCMILLAN** | : | CIVIL ACTION |
| **Estate of Rebecca A. Williams** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONSTAR MORTGAGE COMPANY,** | : | |
| a/k/a Mr. Cooper Mortgage Company, | : | |
| **ATTORNEY CHRISTINE L. GRAHAM** | : | NO.   20-1321 |

### MEMORANDUM

**Savage, J.**                                                                                                           **July 22, 2020**

In an attempt to avoid the consequences of a judgment in a state court foreclosure action, plaintiff Erma McMillan has filed this *pro se* action against defendants Nationstar Mortgage Company, also known as Mr. Cooper Mortgage Company ("Nationstar"), and Christine L. Graham, the attorney who instituted the foreclosure action on behalf of Nationstar.  McMillan asserts claims under the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5564 ("CFPA"), the "Fair Trade Act", and state law against Nationstar, whom she asserts is a mortgage servicer.  She has also filed a Motion for Leave to Proceed *In Forma Pauperis* and an Emergency Petition for Temporary Restraining Order or Special Relief.

Because it appears that McMillan is not capable of paying the fees to commence this action, she will be granted leave to proceed *in forma pauperis*.  For the following reasons, we shall dismiss her Complaint with prejudice and deny her emergency petition.

**Factual Allegations**

The foreclosure proceedings involved property titled in the name of McMillan's deceased mother Rebecca A. Williams who died intestate.[1]  At the time of her death, Williams was delinquent on the mortgage.  Nationstar instituted the foreclosure action in the Delaware County Court of Common Pleas.[2]

McMillan was named as a party and entered her appearance *pro se* in the case on February 6, 2017.  Nationstar was granted summary judgment on October 16, 2018. After McMillan appealed to the Pennsylvania Supreme Court, the Court of Common Pleas entered a stay order on November 27, 2018.  On October 18, 2019,[3] the Pennsylvania Superior Court dismissed the appeal.  The Court of Common Pleas issued a writ of execution and ordered a sheriff's sale of the property to be held on June 19, 2020.  This action was filed on March 6, 2020.

McMillan asserts that she is the current owner of the property through intestate succession and having bought the interests held by the other intestate heirs.[4]  She alleges that Nationstar refuses to recognize her ownership of the property, is attempting to deprive her of her property and property rights in violation of federal statutes and

---

[1] Compl. at 2-3 (Doc. No. 2).

[2] *See Nationstar Mortgage LLC v. Williams*, CV 2015-002965 (C.C.P. Del. Cty.)

[3] *See Nationstar Mortgage LLC v. Williams*, 3143 EDA 2018 (Pa. Super. Ct. Oct. 18, 2019).

[4] Compl. at 4 (Doc. No. 2).

without due process of law, and has violated her rights by failing to negotiate a good faith settlement of the debt or pay her compensation for the property.[5]

In her First Cause of Action, McMillan alleges Nationstar violated the CFPA by failing to implement or maintain policies and procedures to recognize her ownership interest in the property, communicate with her, and to mitigate its loss.[6]  In her Second Cause of Action, she asserts that Nationstar and Graham violated the Real Estate Settlement Procedures Act ("RESPA"), 12 USC § 2605, by precluding her from assuming the mortgage, engaging in loss mitigation or settlement of the mortgage debt balance and causing her to be homeless.[7]  McMillan's Third Cause of Action asserts a state law claim against Nationstar based on a theory of unjust enrichment and/or *quantum meruit*.[8]  Her Fourth Cause of Action asserts an additional claim against Nationstar and Graham for violation of the CFPA for failing to provide her certain foreclosure protections as a successor in interest.[9]  McMillan's Fifth Cause of Action asserts another claim for reimbursement of all monies she expended for repairs, maintenance, upgrades, taxes and insurance on the property.[10]  Finally, the Sixth Cause of Action asserts violations of numerous federal and Pennsylvania statutes arising from Nationstar's failure to properly

---

[5] *Id.* at 5.

[6] *Id.* at 8-19.

[7] *Id.* at 19-23.

[8] *Id.* at 23-27.

[9] *Id.* at 27-31.

[10] *Id.* at 31-33.

credit tax and insurance payments she made. She cites the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-1-201-9.2, the Federal Trade Commission Act ("FTCA"),[11] 15 U.S.C. §§ 41-58, 18 Pa. Cons. Stat. § 7311.(b)(1), a Pennsylvania criminal statute, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.[12]

McMillan seeks an injunction to prevent Nationstar from proceeding with the sale of the property and from ejecting her.[13] She also seeks compensatory and punitive damages.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because McMillan is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[11] McMillan incorrectly refers to the statute as the "Federal Trade Act." *Id.* at 34.

[12] *Id.* at 33-38.

[13] *Id.* at 38; Emergency Pet. (Doc. No. 3).

**Discussion**

*Petition for Temporary Restraining Order*

The Anti-Injunction Act prohibits a federal court from enjoining the sheriff's sale. The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act bars a federal court from enjoining state court proceedings "unless the injunction falls within one of three specifically defined exceptions." *In re Prudential Ins. Co. of America Solo Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970).

The Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings. *See, e.g.*, *Coppedge v. Conway*, Civ. A. No. 14-1477, 2015 WL 168839, at **1-2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, Civ. A. No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *E. Liggon-Redding v. Generations*, Civ. A. No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); *Mason v. Bank of Am., N.A.*, Civ. A. No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 19, 2013) ("Courts within the Eastern District of Pennsylvania have

5

declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act."). Therefore, because we lack jurisdiction to enjoin the state court foreclosure and ejectment proceedings, we must deny McMillan's request for emergency relief and decline to enjoin the state court proceedings.

### *The Rooker-Feldman Doctrine*

The *Rooker–Feldman* doctrine bars a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In short, a federal district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision.

The doctrine is narrowly applied. *Exxon Mobil*, 544 U.S. at 292. It is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. It does not apply when the federal plaintiff asserts an independent claim, even one that contradicts the state court's legal conclusions. *Id.*

The *Rooker–Feldman* doctrine applies only where: (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was entered before the federal action was filed; and (4) the plaintiff seeks federal review and rejection of the state court judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284).

Here, all four factors are satisfied. First, the state foreclosure action to which McMillan was a party resulted in a final judgment. Second, McMillan complains of the injury caused by the judgment -- the loss of the property and ejectment. Third, the judgment was entered before she filed this action. Fourth, McMillan requests the federal court to review and invalidate the state judgment. Therefore, the *Rooker-Feldman* doctrine bars McMillan's claims.

### *Claims Under the CFPA, the FTCA and Criminal Statutes*

Even if this action were not barred by the *Rooker-Feldman* doctrine, McMillan has not stated a plausible cause of action. With respect to the CFPA claims, there is no private cause of action under the CFPA. The CFPA is enforceable only by the Bureau of Consumer Financial Protection. 12 U.S.C. § 5564(a). *See Conway v. U.S. Bank, Nat'l Ass'n*, Civ. A. No. 18-4916, 2018 WL 6417346, at *3 (E.D. Pa. Dec. 6, 2018); *Carmichael v. Sacramento Reg'l Transit*, Civ. A. No. 16-2476, 2018 WL 338977, *3 (E.D. Cal. Jan. 8, 2018) (Consumer Financial Protection Act does not create a private right of action) (collecting cases). Accordingly, McMillan's First and Fourth Causes of Action are not plausible.

In her Sixth Cause of Action, McMillan cites numerous statutes including the Federal Trade Commission Act. Congress has provided that only the Federal Trade Commission may enforce the FTCA. *See* 15 U.S.C. § 57b (providing that if any person "violates any rule under this subchapter respecting unfair or deceptive acts or practices . . . then the Commission may commence a civil action against such person. . . ."). There is no private cause of action. *See Am. Airlines v. Christensen*, 967 F.2d 410 (10th Cir.1992); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir.1978); *Alfred Dunhill Ltd. v. Interstate*

7

*Cigar Co.*, 499 F.2d 232 (2d Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973).

McMillan also cites a Pennsylvania criminal statute.   Criminal statutes do not give rise to a basis for civil liability.   *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*).

## Conclusion

Because the *Rooker-Feldman* doctrine and the Anti-Injunction Act deprive us of jurisdiction, we shall deny McMillan's motion for a preliminary injunction and dismiss her Complaint pursuant to § 1915(e)(2)(B).